**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CANDACE CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 21-1099-JWB-KGG |
| | ) |
| MARRIOTT-STARWOOD | ) |
| INTERNATIONAL, *et al.*, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM & ORDER GRANTING**
**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND**
**ORDER TO AMEND COMPLAINT TO SHOW CAUSE AS TO WHY**
<u>**DISMISSAL SHOULD NOT BE RECOMMENDED**</u>

In conjunction with her federal court Complaint alleging workplace discrimination (Doc. 1), Plaintiff Candace Crawford, who is representing herself *pro se*, has filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit. After review of Plaintiff's motion, the Court **GRANTS** the IFP application. The Court also, however, enters an Order directing Plaintiff to file Amended Complaint, **within thirty (30) days of receipt of this Order**, to **SHOW CAUSE** as to why the undersigned Magistrate Judge should not **recommend DISMISSAL** of the Complaint to the District Court for the reasons set forth below.

1

# ANALYSIS

**I.      Motion to Proceed *In Forma Pauperis.***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

2

In the supporting financial affidavit, Plaintiff indicates she is 42 years old and single with no dependents. (Doc. 3-1, sealed, at 1-2.) She indicates she is currently unemployed and lists prior employment with Defendant Marriott-Starwood from March 2019 through August 2020. (*Id.*, at 2-3.) She does not own real property or an automobile, but apparently has possession of an automobile registered in the name of another individual and on which she makes payments. (*Id.*, at 3-4.) She lists no cash on hand. (*Id.*, at 4.) She has never filed for bankruptcy. (*Id.*, at 6.) She receives monthly Social Security Disability payments as her only source of income. (*Id.*, at 5-6.) She indicates a modest monthly rent payment, along with typical expenses, including telephone and car insurance. (*Id.*, at 5.)

Considering the information contained in her financial affidavit, the Court finds that Plaintiff has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff's request to proceed *in forma pauperis*. (Doc. 3, sealed.)

## II.   Sufficiency of Complaint.

As stated above, however, the Court also enters an Order directing Plaintiff to file an Amended Complaint to **SHOW CAUSE** as to why the undersigned Magistrate Judge should not **recommend DISMISSAL** of the Complaint.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The

Court will also liberally construe the pleadings of a pro se plaintiff.  *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)).  "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face."  **Fisher**, 531 F. Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974).   Factual

5

allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." ***Hall***, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." ***Olson v. Carmack***, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." ***Hall***, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations

liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff's form Complaint indicates the alleged discrimination occurred from March 2019 to August 2020.  (Doc. 1, at 3.)  Plaintiff states that she filed an administrative charge of discrimination but does not indicate when she did so.  (*Id.*, at 5.)  Further, although she indicates she has received a right-to-sue letter, she has failed to attach a copy of that letter to the Complaint.  (*Id.*)  As such, the Court cannot determine if her lawsuit was filed in a timely manner.

Plaintiff's Complaint also contains a dearth of factual allegations.  She alleges that Defendants "deliberately ignored [her] status as an 'ADA Qualified Individual,' and [her] status as an individual protected by the GINA Act, which lead to multiple acts of discrimination against [her] from March 3, 2019[,] until August 19th, 2020, plus a days [sic] past August 19th 2020."  (Doc. 1, at 3.)  Plaintiff does not describe any of the alleged acts of discrimination, where they occurred, when they specifically occurred, or which of the Defendants allegedly engaged in such acts.

In short, Plaintiff provides no facts to support these allegations to describe how the alleged discrimination occurred.  She provides no facts to support how any of the Defendants discriminated against her.  Plaintiff has not met "the burden of alleging sufficient facts on which a recognized legal claim could be based." ***Hall***,

935 F.2d at 1110. As stated above, "[c]onclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson*, 641 Fed.Appx. at 825.

Plaintiff is thus directed to file an Amended Complaint **within thirty (30) days of receipt of this Order**. That Amended Complaint must provide sufficient facts to allow the Court to determine if a recognized legal claim exists. *Hall*, 935 F.2d at 1110.

Plaintiff is also instructed to provide the information sought by Section VIII of the form Complaint regarding administrative procedures, particularly when and how her claims were presented to the administrative agency. (*See* Doc. 1.) Plaintiff must attach a copy of the right-to-sue letter to the Amended Complaint. The Court requires this information to determine if Plaintiff's Complaint was filed in a timely manner or if her claims should be barred by the applicable statute of limitations.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff must **SHOW CAUSE** as to why the undersigned Magistrate Judge should not **recommend DISMISSAL** of the Complaint to the District Court. In so doing, Plaintiff must file an Amended

Complaint, **within thirty (30) days of receipt of this Order**, with the information discussed herein.

      **IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 26th day of April, 2021.

                                                S/ KENNETH G. GALE
                                                KENNETH G. GALE
                                                United States Magistrate Judge